## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

ICON HEALTH & FITNESS, INC., a
Delaware corporation,

     Plaintiff,

v.

FLYWHEEL SPORTS, INC., a Delaware
corporation,

     Defendant.

Civil Action No. 2:19-cv-00022

**COMPLAINT AND DEMAND FOR
JURY TRIAL**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff ICON Health & Fitness, Inc. ("ICON" or "Plaintiff") hereby complains against

defendant Flywheel Sports, Inc. ("Flywheel" or "Defendant") as follows:

### THE PARTIES

1.　　ICON is a corporation duly organized and existing under the laws of Delaware with

its principal place of business located at 1500 South 1000 West, Logan, Utah 84321.

2.　　On information and belief, Flywheel is a corporation duly organized and existing

under the laws of the State of Delaware, with its headquarters and its principle place of business

located at 53 West 23rd Street, 9th Floor, New York, New York 10010.

### JURISDICTION AND VENUE

3.　　This is a civil action for patent infringement under the patent laws of the United

States, 35 U.S.C. § 271 *et seq.*

4.　　This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§§ 1331 and 1338.

5.     This Court has personal jurisdiction over Flywheel pursuant to the laws of the State of Texas and the United States Constitution because Flywheel has purposely availed itself of the privileges and benefits of the laws of the State of Texas, has registered to do business in the State of Texas, has regularly and continuously transacted business in the jurisdiction, and has committed acts of patent infringement within this judicial district. On information and belief, Flywheel regularly and continuously transacts business in this jurisdiction, including promoting, marketing, and selling infringing Flywheel products within the State of Texas, including in this district.

6.     On information and belief, Flywheel has at least three physical locations within the State of Texas. Specifically, Flywheel operates three Flywheel studios within the State of Texas. On information and belief, Flywheel owns and operates a Flywheel studio within this district at 5964 West Parker Road, Suite 100, Plano, Texas 75093. Another Flywheel studio is located in Dallas, Texas, less than 20 miles from this district; that studio also operates as a retail location, which Flywheel calls a "showroom."

7.     On information and belief, Flywheel owns or rents the physical real estate associated with the Plano Flywheel studio and has employees working at this location.

8.     On information and belief, Flywheel intends to and does promote, offer for sale, and sell the infringing product and services to customers in this district through the Plano studio, as well as the Dallas showroom, which is located less than 20 miles from the studio within this district. For example, Flywheel offers a free subscription for in-home Flywheel classes with the purchase of a Flywheel bike if the customer has a "Superfly Membership"—a membership customers obtain for studio Flywheel classes at the Plano studio. In addition, the Plano Flywheel studio actively promotes the sale of infringing products.

2

9.      On information and belief, Flywheel is the owner of the website located at www.flywheelsports.com/, which is available to persons within the State of Texas.

10.     On information and belief, Flywheel advertises, markets, sells, and offers its products through its website, www.flywheelsports.com/, the advertising, marketing, selling, and offerings of which are available to the purchasing public in the State of Texas.

11.     On information and belief, the content provided by Flywheel through its products is available to persons within the State of Texas.

12.     This Court's exercise of personal jurisdiction over Flywheel is consistent with the Constitutions of the United States and the State of Texas.

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because Flywheel has a regular and established place of business within the District and has committed, and continues to commit, acts of patent infringement within the District.

## FACTUAL BACKGROUND

### ICON's Patent Portfolio

14.     ICON is an award-winning innovator in the field of exercise equipment and it markets and sells a variety of exercise related products, including within the State of Texas and the Eastern District of Texas.

15.     The State of Texas and the Eastern District of Texas are an important market for ICON. For example, ICON sells products directly to its retail partners in Texas, including through J.C. Penney, Kohls, Sam's Club, Sears, Walmart, and several other partners in Texas. ICON also has service vendors in Texas, including Assembly Unlimited, A & K Delivery & Assembly, and Freemotion Fitness. ICON also directly advertises its products in Texas. In addition, ICON employees reside in Texas, including at least three employees within the Eastern District of Texas.

Further, ICON leases a warehouse from LG Labels in Texas as a distribution center for ICON products.

16.    ICON came to its position of technological leadership through innovation and substantial investment in research, development, and acquisition of cutting-edge technologies. As a result of its endeavors, many of the technological innovations created and owned by ICON are protected by a valuable and diverse intellectual property portfolio that includes patents, trademarks, trade dress, and copyrights.

17.    Many of ICON's technological innovations and acquisitions are protected by, *inter alia*, a portfolio of utility and design patents, including United States Patent Nos. 6,601,016 (the "'016 Patent"); and 7,556,590 (the "'590 Patent") (collectively the "Asserted Patents").

18.    The '016 Patent was filed on April 28, 2000 and issued on July 29, 2003. ICON is the owner by assignment of the '016 Patent. ICON has not licensed Flywheel to practice the '016 Patent, and Flywheel does not have any right or authority to license others to practice the '016 Patent.

19.    The '590 Patent was filed on May 8, 2006 and issued on July 7, 2009. ICON is the owner by assignment of the '590 Patent. ICON has not licensed Flywheel to practice the '590 Patent, and Flywheel does not have any right or authority to license others to practice the '590 Patent.

**Flywheel's Infringement of the Asserted Patents**

20.    Flywheel is in the business of manufacturing and selling exercise equipment, among other things, with online streaming and online fitness activity, storage and analysis.

21.    In particular, Flywheel provides exercise bikes that comprise systems that display a graphical comparison of current fitness activity. On information and belief, Flywheel imports,

4

makes, uses, sells, or offers for sale those exercise bikes within the United States and within the State of Texas, either directly or through established distribution channels.

22.    On information and belief, Flywheel's exercise bikes include an exercise machine monitor providing graphical comparisons of current fitness activity to its users and associate users' fitness activity with a universal identifier. On information and belief, the exercise machine monitor utilizes a universally accessible server system to display a graphical comparison such that an exerciser is enabled to compete against a plurality of exercisers.

23.    On information and belief, Flywheel exercise bikes include an exercise machine monitor that receives current fitness activity in a particular markup language format from a universally accessible server system. On information and belief, the current fitness activity is associated with a universal identifier.

## FIRST CLAIM FOR RELIEF
(Infringement of the '016 Patent)

24.    By this reference ICON realleges and incorporates the foregoing paragraphs as though fully set forth herein.

25.    Flywheel has infringed and continues to infringe one or more claims of the '016 Patent by making, using, selling, offering for sale within the United States, or importing into the United States products, systems, or services, including, but not limited to, its exercises bikes, including at least the Fly Anywhere Bike, and appurtenant products and services, which embody one or more of the claims of the '016 Patent.

26.    On information and belief, Flywheel's exercise bikes and, at least the Fly Anywhere Bike, and its appurtenant products and services infringe at least claim 53 of the '016 Patent.

27.    The conduct of Flywheel as set forth hereinabove gives rise to a cause of action for infringement of the '016 Patent, pursuant to at least 35 U.S.C. §§ 271 and 281 *et seq*.

28.     On information and belief, Flywheel has sold infringing products, such as the Fly Anywhere Bike and its appurtenant products and services, despite an objectively high likelihood that its actions constitute infringement.

29.     Flywheel's acts of infringement have caused damage to ICON, and ICON is entitled to recover the damages sustained as a result of Flywheel's wrongful acts in an amount subject to proof at trial.

30.     Flywheel's infringement of the '016 Patent will continue to damage ICON's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

31.     Upon information and belief, Flywheel has willfully infringed the '016 Patent, entitling ICON to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

32.     By reason of the foregoing, ICON is entitled to relief against Flywheel, pursuant to at least 35 U.S.C. §§ 283–85.

### SECOND CLAIM FOR RELIEF
(Infringement of the '590 Patent)

33.     By this reference ICON realleges and incorporates the foregoing paragraphs as though fully set forth herein.

34.     The Flywheel bikes include an associated computer communicatively connected to the bike that can monitor the use of the bike relative to a first start time of use.

35.     The Flywheel bikes include a built-in-display tablet computer, which is communicatively connected to the stationary bike.  Upon information and belief, the stationary bike is configured to communicate to the built-in-display tablet using an exercise communication protocol, whereupon the built-in-display tablet communicates to Flywheel's servers using a

computer communication protocol. Upon information and belief, the exercise communication protocol and the computer communication protocol are different types of communication protocols.

36.    Upon information and belief, Flywheel bikes utilize a translator device to translate fitness data between the exercise communication protocol and the computer communication protocol.

37.    On information and belief, the Flywheel server system maintains communication with Flywheel bikes through a network system.   The network system includes networking components in the server system and in the Flywheel bikes, and a network connection extending therebetween.

38.    By assigning each user a profile that may be accessed from any Flywheel bike, the Flywheel bikes are configured to enable multiple users to exercise thereon.

39.    The Flywheel bike includes options to participate in live classes and against at least a second user.

40.    The Flywheel bike displays a comparison of at least two bikes' use relative to start time with the means for providing communication between the computers of the bikes in the comparison. The Flywheel bike is configured to enable at least one user to exercise thereon, participate in a virtual race and to compare performances by at least two users.

41.    Flywheel has infringed and continues to infringe one or more claims of the '590 Patent by making, using, selling, offering for sale within the United States, or importing into the United States products, systems, or services, including, but not limited to, its Flywheel exercise bike and appurtenant products and services, which embody one or more of the claims of the '590 Patent.

42.     On information and belief, the Flywheel bike and appurtenant products and services infringe at least claims 1 and 2 of the '590 Patent.

43.     The conduct of Flywheel as set forth hereinabove gives rise to a cause of action for infringement of the '590 Patent, pursuant to at least 35 U.S.C. §§ 271 and 281 *et seq*.

44.     On information and belief, Flywheel has sold infringing products, such as the Fly Anywhere Bike and appurtenant products and services, despite an objectively high likelihood that its actions constitute infringement.

45.     Flywheel's acts of infringement have caused damage to ICON, and ICON is entitled to recover the damages sustained as a result of Flywheel's wrongful acts in an amount subject to proof at trial.

46.     Flywheel's infringement of the '590 Patent will continue to damage ICON's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

47.     Upon information and belief, Flywheel has willfully infringed the '590 Patent, entitling ICON to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

48.     By reason of the foregoing, ICON is entitled to relief against Flywheel, pursuant to at least 35 U.S.C. §§ 283–85.

## **PRAYER FOR RELIEF**

WHEREFORE, ICON prays for judgment against Flywheel as follows:

49.     A judgment finding Flywheel liable for infringement of one or more of the claims of the Asserted Patents;

50.    Orders of this Court temporarily, preliminarily, and permanently enjoining Flywheel, its agents, servants, and any and all parties acting in concert with any of them, from directly or indirectly infringing in any manner any of the claims of the Asserted Patents, pursuant to at least 35 U.S.C. § 283;

51.    An award of damages to ICON for infringement of the Asserted Patents, in an amount to be proved at trial, pursuant to all applicable law, including at least 35 U.S.C. § 284;

52.    An award of treble damages to ICON, pursuant to all applicable law, including at least 35 U.S.C. § 284;

53.    A declaration that this case is an exceptional case;

54.    An award of ICON's costs in bringing this action, pursuant to all applicable law, including at least 35 U.S.C. § 284;

55.    An award of ICON's attorneys' fees in this action, pursuant to all applicable law, including at least 35 U.S.C. § 285;

56.    Imposition of a constructive trust on, and an order requiring a full accounting of, the sales made by Flywheel as a result of its wrongful or infringing acts alleged herein;

57.    Pre-judgment interest, pursuant to at least 35 U.S.C. § 284;

58.    Post-judgment interest, pursuant to at least 28 U.S.C. § 1961(a); and

59.    An award of any other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

60.    ICON demands a trial by jury for all causes and issues so triable.

DATED: January 23, 2019        Respectfully submitted,


BY: */s/ Eric H. Findlay*

Inge Larish
(Texas State Bar No. 00796924)
David R. Wright
(Utah State Bar No. 5164 *pro hac vice forthcoming*)
Tyson K. Hottinger
(Utah State Bar No. 13067 *pro hac vice forthcoming*)
MASCHOFF BRENNAN LAYCOCK
GILMORE ISRAELSEN & WRIGHT PLLC
111 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 297-1850
Facsimile: (435) 252-1361
ilarish@mabr.com
dwright@mabr.com
thottinger@mabr.com

Eric H. Findlay
(Texas State Bar No. 00789886)
FINDLAY CRAFT, P.C.
102 North College Avenue, Suite 900
Tyler, Texas 75702
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
efindlay@findlaycraft.com

**Attorneys for Plaintiff ICON HEALTH & FITNESS, INC.**